UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Acire R. Bell,<br><br>            Plaintiff(s),<br><br>vs.<br><br>Patrick Bennet.,<br><br>            Defendant(s). | 2:24-cv-02153-JAD-MDC<br><br>**REPORT AND RECOMMENDATION DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; GRANTING IN PART MOTION TO CHANGE VENUE; AND TO DISMISS ACTION** |

Pending before me are *pro se* plaintiff Acire R. Bell's *Application to For Leave to Proceed In Forma Pauperis* (ECF No. 1)("IFP") and *Motion to Change Venue* (ECF No. 4)("Motion"). For the reasons stated below, I RECOMMEND that plaintiff's IFP be DENIED and that her Motion be GRANTED IN PART and her action DISMISSED WITHOUT PREJUDICE.

I.   SUMMARY

On November 18, 2024, the plaintiff filed her IPF.  Plaintiff, however, did not file an accompanying complaint.  Rather, on November 20, 2024, plaintiff filed her Motion in which she states that she intended to file her action in the Eighth Judicial District Court in Clark County, Nevada and not this Court.  *See* ECF No. 4   Thus, plaintiff's Motion requests to "transfer" her action to the Eighth Judicial District Court.  *Id.*

II.   ANALYSIS

"A document filed pro se is to be liberally construed….." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted). Plaintiff's Motion requests to transfer venue of her action to Nevada state court because that is the forum that plaintiff intended.  However, I cannot grant the requested transfer because the U.S. District Court lacks jurisdiction over the Nevada state courts.  *See Roberson v. Miller,* No. 6:23-CV-01243-AA, 2023 WL 7924776, at *2 (D. Or. Nov. 16, 2023)("This Court lacks jurisdiction over the Oregon state courts and so cannot grant the requested transfer. The Motion to Change Venue…."). Therefore, I liberally

construe plaintiff's Motion as a request for voluntary dismissal of her action so that plaintiff may refile her action in the Nevada state court.

Federal Rule of Civil Procedure ("FRCP") 41(a)(1) permits a plaintiff to voluntarily dismiss her case without a court order by either filing (i) a notice of dismissal before the opposing party serves an answer or (ii) a stipulation of dismissal signed by all parties who have appeared. *Id.* Such a dismissal is without prejudice unless the plaintiff's notice indicates—or the parties stipulate—otherwise. *See* Fed. R. Civ. P. 41(a)(1)(B). Alternatively, FRCP 41(a)(2) a plaintiff may obtain dismissal pursuant to a court order "subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. *Id.* According to the Ninth Circuit, dismissal under FRCP 41(a)(2) should be granted "so long as the defendant will not be prejudiced….or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)(citations omitted).

I liberally construe plaintiff's Motion as a request for a voluntary dismissal order under Rule 41(a)(2). I find that dismissal is appropriate and that defendants will not be prejudiced or unfairly affected by dismissal because defendants have neither been served nor appeared in the action. Therefore, I recommend that that plaintiff's Motion, as construed, be granted in part and that plaintiff's action be dismissed without prejudice so that she may refile her action in the Nevada state court.

For clarity and completeness of the record, I recommend denying plaintiff's Motion in part to the extent that it requests this Court to transfer her action to the Nevada state court.

ACCORDINGLY,

**I RECOMMEND that:**

1. Plaintiff's *Application to For Leave to Proceed In Forma Pauperis* (ECF No. 1) be DENIED.

2. Plaintiff's *Motion to Change Venue* (ECF No. 4) be GRANTED-IN-PART, as construed in this Report and Recommendation, and that the action be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's *Motion to Change Venue* (ECF No. 4) be DENIED-IN-PART to the extent it requests the Court to transfer venue to the Nevada state court.

DATED: December 9, 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.